

FILED
SUPERIOR COURT
OF GUAM

2020 OCT -5 PM 2:43

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **CONRADO G. CABRERA, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERTO LABANZA** and **DOES I** through **X,**<br><br>Defendants. | **Civil Case No. CV1314-19**<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS, ALTERNATIVELY FOR SUMMARY JUDGMENT; PLAINTIFF'S REQUEST FOR SANCTIONS** |

### INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon submission of Defendant Roberto Labanza's ("Defendant's") Motion to Dismiss ("Motion"). Attorney Mark E. Williams represents Plaintiff Conrado G. Cabrera, Jr. ("Plaintiff"), and Attorney Gary W.F. Gumataotao represents Defendant. Having duly considered the parties' briefs, the record on file in this matter, and the applicable law, the Court now issues the following Decision and Order **DENYING** Defendant's Motion.[1]

### BACKGROUND

This matter arises out of an altercation that occurred at a company Thanksgiving party at Plaintiff's and Defendant's workplace in 2017. *See* Verified Compl. for Assault & Battery (Nov.

---

[1] This matter was scheduled for oral argument on April 15, 2020; however, following the declaration of public health emergency by the Governor of Guam and the resulting Administrative Order(s) of the Courts mandating closure of the courts except for essential matters (as defined in the several Administrative Orders), the court took the matter under advisement without oral argument on July 8, 2020.

19, 2019). Plaintiff alleges that during the party, Defendant ran towards Plaintiff and shoved Plaintiff backwards over a chair, causing Plaintiff to fall to the ground and hit a stove. *Id.* at 2. Plaintiff alleges that Defendant then struck Plaintiff before being restrained by other workers. *Id.*

Defendant filed the instant Motion on January 21, 2020. Defendant argues that the Court lacks subject matter jurisdiction because (1) the remedy Plaintiff seeks falls exclusively within the gambit of Guam's Workers' Compensation Statute and (2) Plaintiff failed to exhaust administrative remedies prior to filing suit. Mot. at 4. In the alternative, Defendant seeks summary judgment on the same grounds. *Id.* at 6. Plaintiff filed his opposition on February 28, 2020, arguing the Court has subject matter jurisdiction over this action because (1) the Workers' Compensation Statute does not apply to this action and (2) Plaintiff does not need to file a claim with the Workers' Compensation Commission prior to filing suit. Opp'n to Defendant's Mot. to Dismiss ("Opp'n") at 3, 9. Defendant filed a reply on February 20, 2020, asserting Plaintiff must exhaust administrative remedies prior to filing suit. Reply to Opp'n to Mot. to Dismiss ("Reply") at 3 (Feb. 20, 2020). The Court then took the matter under advisement on July 8, 2020.

## DISCUSSION

### I.    Defendant's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction.

Defendant seeks a dismissal of the instant action for lack of subject matter jurisdiction pursuant to Rule of Civil Procedure 12(b)(1). Defendant asserts that "the allegations in Plaintiff's Complaint are insufficient on their face to establish subject matter jurisdiction." Mot. at 4. Specifically, Defendant argues that Plaintiff's remedy falls exclusively within the realm of Guam's Workers' Compensation Statute under Title 22, Chapter 9 of the Guam Code Annotated. *Id.* at 13.

Plaintiff asserts that his claim for relief does not fall within the Workers' Compensation Statute as the alleged conduct in question does not "arise out of the scope of employment" as required under 22 GCA § 9103(m). Opp'n at 5. Plaintiff further argues that the Workers'

Compensation Statute cannot provide the remedy Plaintiff seeks since his cause of action arises out of intentional conduct as opposed to negligent conduct. *Id.* at 11.

"Under the law, a person hired in Guam is entitled to compensation under the laws of Guam if he 'receives a personal injury by accident arising out of and in the course of his employment.'" *Gibbs v. Holmes*, 2001 Guam 11 ¶ 13 (quoting 22 GCA § 9104(c)). "Employer liability under the Worker's Compensation Law is 'exclusive and in place of all other liability of such employer to the employee.'" *Id.* (22 GCA § 9106)). The Guam Supreme Court held that "the exclusive remedy provision of the Guam Worker's Compensation Law . . . limits a injured [sic] worker to worker's compensation benefits for injuries caused by the *negligence* of another person acting *in the course of employment.*" *Id.* ¶ 25 (emphasis added).

The Guam Supreme Court in *Amerault v. Intelcom Support Services, Inc.*, 2004 Guam 23, recognized exceptions to the exclusivity requirement, citing *Burlew v. American Mutual Insurance, Co..* 472 N.E.2d 412 (N.Y. 1984). The New York Court of Appeals, in interpreting a Workers' Compensation law similar to Guam's (see *Amerault*, 2004 Guam 23 ¶ 10 n.5), held "intentional injuries are not covered by the Workers' Compensation Law." 472 N.E.2d at 685.

Here, Plaintiff alleges causes of action for Assault and Battery as a result of being shoved by Defendant while at a company party. Verified Compl. at 2. Plaintiff does not assert any other causes of action despite Defendant's assertion that Plaintiff also alleges breach of duty and negligence claims. *See* Mot. at 7. Plaintiff's claims for Assault and Battery are properly characterized as intentional tort claims, not negligence claims based on workplace accidents. As such, the relief Plaintiff seeks does not fall within the relief provided by the Workers' Compensation Statute. Rather, Plaintiff is authorized and required to seek relief outside of the statute since Plaintiff does not assert causes of actions of negligence, breach of statutory duty, nor any other grounds under the statute.

Therefore, the Court finds that it has subject matter jurisdiction to hear Plaintiff's claims. The Court further finds that Plaintiff is not required to bring his claim before the Guam Workers' Compensation Commission, considering Plaintiff does not allege causes of action seeking relief under the Workers' Compensation Statute.

## II. Defendant's Alternate Motion for Summary Judgment.

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c). A genuine dispute "is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact finder." *Hawaiian Rock Products Corp. v. Ocean Housing, Inc.*, 2016 Guam 4 ¶ 26. The dispute must concern a material fact, as in a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8. The initial burden rests on the movant to show that "undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock*, 2016 Guam 4 ¶ 27.

Defendant submitted an affidavit in support of his Motion which does not appear to directly contradict allegations set forth in the Verified Complaint, but which also does not contain any averments which would resolve this dispute by way of summary judgment. Defendant acknowledges that "Plaintiff alleges…that he suffered injury because he was intentionally pushed backward while he was sitting and he struck his head." *Affid. In Support of Def.'s Mot. to Dismiss.* at ¶9 (Jan. 21, 2020). However, the Affidavit offers no undisputed fact which, when viewed in a light most favorable to the non-movant, resolves the issue of liability for the Plaintiff's injury. Moreover, the Affidavit appears to indirectly admit that, whether or not he was the cause of the injury or the actor who intentionally pushed Plaintiff, that such "intentional wrongdoing or conduct

[was not] 'so extreme and outrageous as to exceed all bounds of decency." At best, the Affidavit supports a finding that, at an event held at the parties' company property during which company employees, including officers, supervisors and managers were in attendance and spoke, Plaintiff alleges to have been injured intentionally and seeks medical expenses and loss of earnings. Nothing contained in the four walls of this Affidavit is sufficient for this court to find no genuine issue as to material fact required to grant summary judgment. As a consequence, Defendant's alternative motion for summary judgment is similarly denied.

## III.    Plaintiff's Motion for Sanctions is Procedurally Defective.

Plaintiff, in his opposition, seeks sanctions upon Defendant on grounds of plagiarism and filing a frivolous motion. See Opp'n at 12-14. Defendant asserts that Plaintiff's motion is improper because it was not filed as a separate motion and, therefore, Defendant was not given an opportunity to cure the allegedly sanctionable conduct and filing. "A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b)." Guam R. Civ. P. 11(c)(1)(A). The Rules of Civil Procedure are unequivocal that any motion for sanctions shall be filed separately, not within another motion, opposition, or reply. Because Plaintiff's motion for sanctions is procedurally defective, the court denies Plaintiff's request on this ground and does not reach the substantive claims. For the same reasons, the court does not address Defendant's claims against Plaintiff.

//

//

//

//

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss and alternate Motion for Summary Judgment. The Court also **DENIES** Plaintiff's request for Sanctions.

**IT IS SO ORDERED** this ___OCT 0 5 2020___ .

_____
**HONORABLE MARIA T. CENZON**
**JUDGE, SUPERIOR COURT OF GUAM**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

M. Williams
GUMAIHOIA
Date: 10/5/20 Time: 3pm

Deputy Clerk, Superior Court of Guam